James **WILLIAMS**, Plaintiff–Appellant,

v.

James **TEMPLE**, Defendant–Appellee,

**Teresa A. David, et al., Defendants.***

No. 08–0969–pr.

United States Court of Appeals,
Second Circuit.

Oct. 19, 2009.

* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

James Williams, pro se, Wallkill, NY.

Andrew M. Cuomo, Attorney General of the State of New York (Steven C. Wu, Assistant Solicitor General, on the brief), New York, NY, for Appellee.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, Circuit Judges, EDWARD R. KORMAN,** District Judge.

## SUMMARY ORDER

Appellant James Williams, *pro se*, appeals from a judgment of the District Court entered after the District Court granted defendant James Temple's motion for summary judgment. Williams brought this action under 42 U.S.C. § 1983 alleging a procedural due process claim under *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); a claim under the Free Exercise Clause of the First Amendment and the Religious Land Use

** The Honorable Edward R. Korman, of the United States District Court for the Eastern

and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.;* and a First Amendment retaliation claim. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's order granting summary judgment *de novo* and ask whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).

■ First, we agree with the District Court that summary judgment for Temple was proper with respect to Williams's procedural due process claim. As the Supreme Court held in *Sandin*, a prisoner has the right to procedural due process before the deprivation of a liberty interest. 515 U.S. at 483–84, 115 S.Ct. 2293. Nevertheless, placement in restrictive confinement implicates a prisoner's liberty interest only if the confinement "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. 2293. The admissible evidence in the record contains no indication that the conditions and duration of Williams's placement on limited privilege—which lasted from approximately April 13, 2005, to May 25, 2005—rose to the level of an "atypical and significant hardship." *See Palmer v. Richards*, 364 F.3d 60, 64–65 (2d Cir.2004).

District of New York, sitting by designation.

 We also agree with the District Court that summary judgment for Temple was proper with respect to Williams's claims under the Free Exercise Clause and RLUIPA. The prison in which Williams was housed allowed inmates on limited privilege to request to attend religious services, and Williams has provided no evidence that he complied with that policy. On this record, Williams's evidence cannot support a claim that the prison's policy was not "reasonably related to a legitimate penological interests" under the Free Exercise Clause. *Salahuddin v. Goord,* 467 F.3d 263, 274 (2d Cir.2006) (internal quotation marks omitted). Nor does the evidence submitted by Williams support a claim under RLUIPA, 42 U.S.C. § 2000cc–1(a).

 Lastly, we agree with the District Court that summary judgment for Temple was proper with respect to Williams's First Amendment retaliation claim. To defeat summary judgment on his First Amendment retaliation claim, Williams was required to provide evidence that (1) his speech was constitutionally protected, (2) Temple took an adverse action against him, and (3) there was a causal relationship between the protected speech and the adverse action. *See Scott v. Coughlin,* 344 F.3d 282, 287 (2d Cir.2003). Williams provided evidence that Temple placed him on limited privilege status after Williams complained that he had not been assigned an educational or vocational program. As we have previously held, however, where the challenged action "is motivated by both proper and improper reasons, the action may be sustained if it would have been taken even in the absence of the improper reason." *Lowrance v. Achtyl,* 20 F.3d 529, 535 (2d Cir.1994). Here, Williams submitted several documents with his opposition to the motion for summary judgment in which he admitted that he had refused to accept programs that had been offered to him. Thus, we agree with the District Court that Williams's "assignment to limited privilege status would have occurred even in the absence of the alleged improper motive." *Cf. id.* at 535.

## CONCLUSION

For the reasons set forth above, the judgment of the district court is AFFIRMED. Williams's pending motion "for some kind of settlement" is DENIED.